UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JEFFREY H. DANIEL, | ) | CASE NO. 1:08 CV 532 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| OFFICER PHILEMON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Jeffrey H. Daniel filed the above-captioned action under 42 U.S.C. §1983 against Cuyahoga County Jail Officer Philemon, Officer Parsley, three unidentified first shift Sergeants, Officer Ross, second shift Nurse John Doe, Corporal Reagan, Lieutenant John Doe, Captain John Doe, Psychiatrist John Doe, Cuyahoga County, Lorain Correctional Institution ("LORCI") three LORCI John Doe Psychiatrists, and the Ohio Department of Rehabilitation and Correction ("ODRC").  In the complaint, plaintiff objects to a number of conditions in the Cuyahoga County Jail and LORCI.  He seeks compensatory and punitive damages.  Mr. Daniel also filed an Application to Proceed In Forma Pauperis.  That Application is granted.

**Background**

Mr. Daniel claims that at some point between February and June 2006, he was sexually assaulted by Officer Philemon.  He describes the incident by saying that the officer placed his hands sideways on the plaintiff's chest and slid them down to his stomach.  He states that

Officer Parsley tried to conceal the incident by telling other officers assigned to the floor that Mr. Daniel was talking to himself inside his cell. Mr. Daniel denies that he was diagnosed with schizophrenia. The three John Doe sergeants allegedly did not discipline Officer Philemon and did not refer Mr. Daniel to a psychiatrist.

On a separate occasion, Mr. Daniel was found to have an additional ibuprofen tablet in his cell. He was placed in segregation for a day for hoarding medication. Mr. Daniel claims that Officer Ross knew he had been given one extra ibuprofen tablet and also knew that Mr. Daniel would not consume the tablet. He searched Mr. Daniel's cell, found the tablet and placed him in segregation. Mr. Daniel contends that the second shift nurse gave him the extra ibuprofen and "caused [him] to overdose and act in a [sic] irresponsible [manner]." (Compl. at 7.)

Mr. Daniel claims that the three John Doe Sergeants, Corporal Reagan, Lieutenant John Doe, Cuyahoga County and the ODRC failed to properly supervise their subordinates. He contends none of these supervisors disciplined Officer Philemon or the second shift Nurse.

Finally, Mr. Daniel brings claims against the psychiatric staff at LORCI, claiming they would not give him the medications he requested. He claims these medications were prescribed for him before his incarceration.

Mr. Daniel claims the defendants violated his Fifth and Eighth Amendment rights. He states that he has suffered physical and mental injuries as a result the of the defendants' behavior, including "physical and emotional distress, hemorrhoids, stomach trouble, increased stress, irritable bowel syndrome, anxiety disorder, panic attacks, and paranoia." (Compl. at 3.) He seeks monetary damages and termination of the employment of all the individual defendants.

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Daniel claims that the defendants subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Although the Eighth Amendment's protections apply specifically to post-conviction inmates, see Barber v. City of Salem, Ohio, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. Thompson v. County of Medina, Ohio, 29 F.3d 238, 242 (6th Cir.1994); see also Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

The Supreme Court has adopted a mixed objective and subjective standard for ascertaining the existence of deliberate indifference in the context of the Eighth Amendment. A prison official cannot be found liable under the Eighth or Fourteenth Amendments for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. The official must both be aware of facts from which it could be determined that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The objective component of the test requires the plaintiff to first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298 (1991). Seriousness is measured in response to

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

"contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. Id. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth and Fourteenth Amendments. Id. at 9.

The subjective component, by contrast, requires a showing that the prison official possessed "a sufficiently culpable state of mind... ." Id. The prison official's state of mind must evince "deliberateness tantamount to intent to punish." Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir.1994). "Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to [the subjective component.]" Id. Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment." Farmer, 511 U.S. at 838.

Mr. Daniel first claims that Officer Philemon subjected him to cruel and unusual punishment in the form of a sexual assault. He states only that the officer placed both hands on his chest sideways and slid them down to his stomach. There are no other facts alleged regarding this incident. In evaluating the constitutionality of the conduct of prison officials, the courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Although Mr. Daniel characterizes the contact as a "sexual assault," the behavior described appears to be a pat-down for weapons and contraband. A pat-down search, which is by definition of short duration and minimal obtrusiveness, is not unconstitutional, and clearly involves the need to preserve internal order and discipline and to maintain institutional security. Bell, 441 U.S. at 547; Timm v. Gunter, 917 F.2d 1093, 1100 (8th Cir.1990).

Furthermore, even if the contact was not made for the purpose of determining

4

whether Mr. Daniel was concealing contraband or weapons, Mr. Daniel failed to demonstrate that the contact involved a wanton infliction of pain which is barred by the Eighth and Fourteenth Amendments. See Wilson, 501 U.S. at 298 . He has not alleged facts which suggest he suffered more than de minimis injury. See Timm, 917 F.2d at 1100.

Mr. Daniel's claim against Officer Parsley is similarly without merit. He claims that the Officer told other staff members that Mr. Daniel was talking to himself in his cell. Verbal harassment and offensive comments are generally not cognizable as constitutional deprivations. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987).

Mr. Daniel's also sues several nurses and officers for failing to provide him with medications he requested. He claims this is a violation of the Eighth and Fourteenth Amendments. Where prison officials show deliberate indifference to serious medical needs of prisoners, such conduct amounts to cruel and unusual punishment under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Mere negligence in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. Furthermore, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Plaintiff does not allege that he has been denied medical care. Instead he alleges that he has not been given the same medications he received prior to his detention. There are no facts alleged in the instant complaint, even liberally construed, reasonably suggesting that the defendants have been deliberately indifferent to Mr. Daniel's serious medical needs. Estelle, 429 U.S. at 105.

In addition, several of Mr. Daniel's claims pertain to the day he spent in segregation for hoarding medication. He claims that Officer Ross knew the nurse had given him one additional ibuprofen tablet which he would not take, and then searched his cell. He then claims the second shift nurse gave him the extra ibuprofen tablet which "caused [him] to overdose and act in a[n]

<pre>
<pre>
</pre>
</pre>

irresponsible [manner]." (Compl. at 7.) He was taken to segregation for one day for hoarding medication. He claims this was a violation of his Eighth and Fourteenth Amendment rights. He also claims he was denied equal protection.

As an initial matter, these Eighth Amendment and equal protection claims are stated without any explanation or supporting facts. They are set forth only as vague conclusion of law. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Mr. Daniel's due process claim is also without merit. A Fourteenth Amendment procedural due process claim depends upon the existence of a constitutionally cognizable liberty or property interest with which the state has interfered. Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989); Pusey v. City of Youngstown, 11 F.3d 652, 656 (6th Cir.1993). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Mr. Daniel's one day placement in segregation does not constitute an atypical and significant hardship on the inmate. See Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir.1997); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995).

Finally, it is clear that the three John Doe Sergeants, Corporal Reagan, Lieutenant John Doe, Cuyahoga County, the Lorain Correctional Institution, and the ODRC are included in this action because they employ or supervise other defendants. Among these, the ODRC is immune from suits for damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies. Latham v. Office of Atty. Gen. of State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005); Bouquett v. Clemmer, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

Cuyahoga County, like all local governments, may not be sued under 42 U.S.C. §1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999).  The complaint contains no suggestion of a custom or policy of Cuyahoga County which may have resulted in the deprivation of a federally protected right of the plaintiff.

The three John Doe Sergeants, Corporal Reagan, Lieutenant John Doe, and the Lorain Correctional Institution cannot be held liable as supervisors of the individuals Mr. Daniel asserts violated his constitutional rights.  "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior.  Id. Liability must lie therefore upon more than a mere right to control employees and cannot rely on simple negligence. Id.  In order for liability to attach to the John Doe Sergeants, Corporal Reagan, Lieutenant John Doe, and the Lorain Correctional Institution, Mr. Daniel must allege that they did more than play a passive role in the alleged violations or show mere tacit approval of the behaviors giving rise to the claims in this complaint. Id. He must show that the supervisors somehow encouraged or condoned the actions of their subordinates.  Id.; see also Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir.1995).  There are no such allegations in the complaint.

## Conclusion

Accordingly, plaintiff's application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

                                               */s/Dan Aaron Polster 6/30/08*
                                               DAN AARON POLSTER
                                               UNITED STATES DISTRICT JUDGE

---

[2]    28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.